IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caroline S. Robboy and             :
Peter A. Gearhart                  :
                                      :
        v.                    :   No. 77 C.D. 2024
                                        :
Two Independence Place       :   Argued: November 7, 2024
Condominium Owners'        :
Association,                 :
              Appellant    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: January 31, 2025

        Two Independence Place Condominium Owners' Association (Association) appeals from an August 29, 2023 Order of the Court of Common Pleas of Philadelphia County (trial court) granting Caroline S. Robboy and Peter A. Gearhart's (Appellees) Petition for Temporary Restraining Order and Preliminary Injunction (Petition). The trial court's Order temporarily enjoins the Association from requiring Appellees to submit any information to it concerning the potential sale or use of Appellees' real estate or from obstructing or interfering with Appellees' sale of their commercial condominium unit. It also requires the Appellees to post a bond of $1,000.00 with the trial court.

### I.    *Background and Procedural History*

        Appellees own a commercial condominium unit in the Two Independence Place Condominium located at 233 S. Sixth Street, Philadelphia, PA. They

purchased the unit in 2006 and are now attempting to sell it. The Association is the owners' association for the condominium. Appellees allege that the Association unlawfully infringed upon their property rights by passing a resolution giving the Association the right to review and approve or reject any potential sale of their commercial unit. The Association argues that its governing documents, which include the Bylaws and resolutions passed pursuant to those Bylaws, grant it the authority to pass resolutions regulating the use of Appellees' unit. Appellees assert that the Association does not have that power because the Condominium's Declaration provides that the commercial units in the Condominium may be used for "any lawful purpose."

Appellees' rights and obligations relating to their commercial condominium unit are governed by: (1) the Pennsylvania Uniform Condominium Act (Act), 68 Pa.C.S. §§ 3101-3414; (2) the Declaration of Two Independence Place Condominium (Declaration) (Reproduced Record (R.R.) at 252a); and (3) the Bylaws of Two Independence Place Condominium (Bylaws) (R.R. at 310a). Pursuant to Section 3205(9) of the Act, 68 Pa.C.S. § 3205(9), a condominium declaration must include "[a]ny restrictions created by the declarant on use, occupancy, and alienation of the units." Section 7.01(1) of the Declaration provides: "The Commercial Unit may be used for retail business, commercial and professional purposes and any other lawful purposes." (R.R. at 279a-280a.) Section 3219 of the Act, 68 Pa.C.S. § 3219, provides that any change to the Declaration requires an amendment unanimously approved by all tenants. Similarly, the Bylaws require that any change to the Declaration comply with Section 3219 of the Act, which requires that the Declaration can only be amended by the vote of at least 67% of the votes in the Association or by any larger majority specified in the Declaration. Section 3203(c) of the Act provides that "[i]n the event

2

of a conflict between the provisions of the declaration and the Bylaws, the declaration prevails except to the extent that the declaration is inconsistent with this subpart [of the Act]." 68 Pa.C.S. § 3203(c).

In March 2023, Appellees negotiated to sell their commercial condominium unit to a nursery school. The potential buyer asked Appellees' real estate agent to contact the Association regarding any processes that needed to be followed regarding the sale, which the real estate agent did on March 8, 2023. In a series of conversations occurring over March 9 and 10, the Association's manager told the agent that Appellees would have to apply for approval of the sale with the Association's Board and that the Board was not likely to approve a sale of the commercial unit for use as a nursery school. On March 13, 2023, without amending the Declaration's provision regarding the use of the units, the Association passed a Resolution granting itself the power to "review and approve" any proposed sale of any commercial unit.

After receiving a letter informing them of the Association's new Resolution, Appellees filed suit seeking a preliminary injunction to allow them to sell their unit without complying with the Association's new rules regarding Board approval of any sale of the commercial units. Appellees' Petition for a Preliminary Injunction was initially denied by the trial court. Subsequently, on May 22, 2023, the Association filed a *lis pendens* against the property. Appellees then filed a Motion for Reconsideration with the Court which was granted on June 16, 2023. Oral argument on the Petition was held on July 12, 2023.

On August 29, 2023, the trial court issued an Order granting Appellees' Petition. The trial court granted the Petition because it found that the Petition met the six essential prerequisites for obtaining a preliminary injunction. The Order also states that (1) the Association shall not request or require that Appellees submit any information to it concerning the potential sale or use of Appellees' real estate; (2) the Association shall not use its March 13, 2023 Resolution or any other Resolution to

3

obstruct or interfere with Appellees' sale of their commercial condominium unit; and (3) Appellees must post a bond of $1,000.00 with the trial court. On the same day, the Association timely appealed the trial court's order to the Superior Court. On January 30, 2024, the Superior Court transferred the Association's appeal to this Court.

Following the grant of the preliminary injunction, Appellees moved for summary judgment in the trial court seeking to make the preliminary injunction permanent. On June 7, 2024, the trial court granted Appellees' Motion for Summary Judgment and issued a permanent injunction against the Association. The trial court's June 7, 2024 Order states:

> 1.　[The Association] is PERMANENTLY ENJOINED from enforcing the March 13, 2023 Resolution;
> 2.　[The Association] is PERMANENTLY ENJOINED from relying on Board Resolutions 8 and 16 as authority to limit the use of [Appellees'] property to anything other than those uses provided for in the Declaration;
> 3.　[The Association] is PERMANENTLY ENJOINED from limiting the use of the [Appellees'] property to less than all lawful purposes absent an amendment to the Declaration approved by unanimous vote of the condominium unit owners;
> 4.　Pursuant to [68 Pa.C.S. § 3412], [Appellees] are entitled to reasonable attorney's fees and costs in connection with this matter and a hearing will be held to decide their amount on August 13, 2024 at 11:00 a.m. in Courtroom 654, City Hall . . . .
> 5.　The *lis pendens* filed by [the Association] is hereby STRICKEN and REMOVED from the record; and
> 6.　The Court retains jurisdiction for the purposes of resolving any future disputes concerning any attempt by [the Association] to exercise control or approval of the sale or use of [Appellees'] property.

4

On June 24, 2024, Appellees filed in this Court an Application in the Nature of a Motion to Dismiss for Mootness and a Memorandum of Law in support of their Application. On July 2, 2024, the Association filed an Opposition to the Motion to Dismiss the Appeal. On July 5, 2024, Appellees filed a Reply Memorandum of Law in Support of their Application to Dismiss for Mootness. Finally, on July 9, 2024, the Court issued an Order stating that Appellees' Motion to Dismiss for Mootness and the Association's Answer thereto shall be listed for consideration with the merits of the Appeal.

## II.   Issues

The Association raises the following issues in this appeal:[1]

1.      Whether the trial court committed an error of law in finding [Appellees] had a likelihood of success on the merits by ruling the Association could not issue policies, rules and regulations respecting uses of the units when the Act, the Declaration, and the Bylaws, give the Association that express right.

2.      Whether the trial court committed an error of law in finding [Appellees] had a "likelihood of success on the merits," by holding "under the Act, all restrictions on a condominium's use must be included in the Declaration," because the referenced section of the Act, on its face, applies only to the "declarant," not the Association.

3.      Whether the trial court committed an error of law in finding [Appellees] had a "likelihood of success on the merits," based upon the statement in Article 7.01 of the Declaration that the commercial unit could be used for "any . . . lawful purpose," when other provisions of the Declaration and the Bylaws give the Association express authority to

---

[1] The arguments have been restated for clarity and ease of disposition.

5

formulate policies and issue rules and regulations respecting the use of the commercial units.

4.      Whether the trial court committed an error of law and abused its discretion in finding [Appellees] established "irreparable harm," because [Appellees] presented no "concrete evidence" of immediate and irreparable harm, the trial court's finding was based solely on speculation, and there is no "*per se*" rule that irreparable harm exists in cases involving real property.

5.      Whether the trial court committed an error of law and abused its discretion in finding the status quo would be maintained through a preliminary injunction, and that the injunction would not  adversely affect the public interest, because the trial court failed to acknowledge the express powers of the Association to (among other things) formulate policies and issue rules and regulations respecting uses of the condominium units and improperly divested the Association of its express powers.

6.      Whether the trial court committed an error of law and abused its discretion in finding that greater harm would result in the absence of an injunction, because the trial court failed to acknowledge the express powers granted to the Association to, *inter alia,* formulate policies and issue rules and regulations respecting uses of the units, and the trial court's finding that [Appellees] would be harmed is only speculation without any concrete evidence.

Br. of Appellant at 3-5.[2]

---

[2] Appellees contend that the primary issue on appeal is "[w]hether the trial court properly determined that [Appellees] satisfied the requirements set out in *Warehime v. Warehime,*" 860 A.2d 41, 46-47 (Pa. 2004), for the issuance of a preliminary injunction.

Finally, as an initial matter, pursuant to this Court's July 9, 2024, Per Curiam Order, we must consider whether the instant appeal is moot.

### III. Analysis[3]

"An issue before a court is moot when a determination is sought on a matter, which, when rendered, cannot have any practical effect on the existing controversy." *Shirley v. Pennsylvania Legislative Reference Bureau*, 318 A.3d 832, 850 (Pa. 2024). (internal citations omitted.) "[A]n issue may become moot during the pendency of an appeal due to an intervening change in the facts of the case[.] We have recognized exceptions to the mootness doctrine 'for issues that are of great public importance or are capable of repetition while evading review.' . . . Also, we have indicated that mootness may not preclude review 'where a party will suffer some detriment without a court decision.'" *Id.* (internal citation omitted.) In *Shirley*, the Supreme Court found that the Commonwealth Court's issuance of a permanent injunction "superseded the preliminary injunction, rendering any appeal from the preliminary injunction moot." *Id.* at 858.

As this Court has previously recognized, numerous precedential cases hold that a temporary or preliminary injunction "'is super[s]eded by a decision on the merits, and terminates upon the issuance of a permanent injunction.'" *Medical Marijuana Access & Patient Safety, Inc. v. Johnson*, 317 A.3d 1106, 114 n.7 (Pa. Cmwlth. 2024); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former

---

[3] The scope of review in preliminary injunction matters is plenary. *Warehime v. Warehime*, 860 A.2d 41, n.7. Review of a trial court's order granting or denying preliminary injunctive relief is "highly deferential." *Warehime*, 860 A.2d 41, at 46 (Pa. 2004). (quoting *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount Inc.*, 828 A.2d 995, 1000 (Pa. 2003)).

7

merges into the latter."); *PG Publishing Co. v. Pittsburgh Typographical Union #7,* 304 A.3d 1227, 1231 n.1 (Pa. Super. 2023) (holding that because the trial court granted a permanent injunction "any claims arising from the issuance of the preliminary injunction are moot"); *Pennsylvania Energy Vision, LLC v. South Avis Realty, Inc.,* 120 A.3d 1008, 1012 (Pa. Super. 2015) ("South Avis argues the trial court erred in granting a preliminary injunction. This issue, however, is now moot because the trial court issued a final, permanent injunction."); *Sasinoski v. Cannon*, 696 A.2d 267, 270 (Pa. Cmwlth. 1997) ("[A] preliminary injunction is superseded by a decision on the merits and terminates upon the issuance of the permanent injunction.").

The Association asserts that this appeal is not moot because it falls within an exception to the rule that the issuance of a permanent injunction terminates the preliminary injunction. The exception, it contends, arises where the appeal from the preliminary injunction raises a substantive issue that is wholly independent from the substantive issue resolved in the final, permanent injunction. The Association argues that this appeal falls within this exception because the permanent injunction issued against the Association grants Appellees attorney's fees. According to the Association:

> If the trial court's grant of a preliminary injunction was in error (as alleged in *this* appeal), that would plainly impact [Appellees'] right to counsel fees vis-a-vis the preliminary injunction, without regard to the permanent injunction. However, if this is quashed, no decision will be made on the propriety of the preliminary injunction, and the Association will be denied its right to appeal the preliminary injunction (and thereby its ability to defend against that part of the counsel fee award).

Opposition of Appellant to Appellees' Motion to Dismiss at 2 (emphasis in original).

Appellees contend that the issue of entitlement to and the amount of attorney's fees and costs is not before this Court in this appeal. *See* Reply Memorandum of Law in Support of Motion to Dismiss for Mootness at 3. Because of

8

this, they argue that "[t]he [p]reliminary [i]njunction has merged into the [p]ermanent [i]njunction and the instant appeal has become moot." *Id.* at 4.

We note that the issue of attorney's fees only arises in this litigation because the trial court decided the merits of the case and granted Appellees attorney fees in its permanent injunction. Under the Act, if a party is found to have violated any provision of the Act the other party may be awarded attorney's fees.[4] In the trial court's opinion on the merits the court made a finding that the Association had violated the Act and that Appellees therefore were entitled to reasonable fees and costs. Because the issue of attorney's fees are not addressed in the opinion granting the preliminary injunction which is currently before us on appeal and because the preliminary injunction is moot now that the trial court has issued a permanent injunction, we find that the present appeal is moot and should be dismissed.

### *IV.* *Conclusion*

For the reasons discussed above, we grant Appellees' Motion to Dismiss the appeal as moot.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Section 3412 of the Act, 68 Pa.C.S. § 3412, provides: "If a declarant or any other person subject to this subpart violates any provision thereof or any provision of the declaration or bylaws, any person or class of persons adversely affected by the violation has a claim for appropriate relief. Punitive damages may be awarded in the case of a willful violation of the subpart and, if appropriate, the prevailing party may be entitled to an award of costs and reasonable attorney fees."

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caroline S. Robboy and       :
Peter A. Gearhart       :
      :
      v.       :       No. 77 C.D. 2024
      :
Two Independence Place       :
Condominium Owners'       :
Association,       :
      Appellant       :

## ***ORDER***

AND NOW, this 31st day of January, 2025, Caroline S. Robboy and Peter A. Gearhart's Motion to Dismiss the above captioned matter as moot is granted.

_____
PATRICIA A. McCULLOUGH, Judge